Bolster, C. J.
In the matter of motion to consolidate for trial under St. 1935, Ch. 483.
The action pending here is one of tort. The motion recites that there are pending in the second district court of Eastern Middlesex two actions of tort, and the declarations in those cases allege negligent operation of a motor vehicle at or near the intersection of Washington and Fairbanks Streets in Brighton, which is the same locality as that set out in the declaration in the present case. The defendants in the two Middlesex cases, though notified, have not opposed the motion. That comes from the defendant here. Its counsel says, not that we should not, but that we cannot allow this motion, because it is not a case within the consolidation statute. He invokes Stat. 1934, Ch. 387, but in our opinion that statute has nothing to do with the matter. The Middlesex cases were rightly brought, jurisdiction there is not lost, and judgment will be entered there under the rules made pursuant to the statute of 1935. The only question is as to the scope of the language in that statute — ‘ ‘ arising out of an accident in which á motor vehicle ... is involved.” That statute provides only for a single trial. Such consolidations fall under the second class described in Lumiansky v. Tessier, 213 Mass. 182, *36 and the statute serves as a device to bridge jurisdictional boundaries. It should be broadly construed. It is to be observed that it does not say “accident caused by a motor vehicle”. It only requires that such a vehicle be “involved” in the accident. Doubtless many cases will arise in which an additional factor will be a horse-drawn vehicle, a defect in a highway, or some other thing humanly controllable so as to admit of a connotation of negligence, just as much as the operation of a street car. We think such cases are meant to be included. Of course one can suppose a succession of distinct and separable accidents, in one only of which is a motor vehicle involved. But we understand the present situation is one in which the plaintiff left the street car and was immediately struck by the motor vehicle. What the statute makes the criterion is the fact of accident, not the legal relation of parties before or after the accident. We think the motion comes within the statute.
Motion allowed.